Nash, C. J.
 

 There is no error in the opinion of the Court below. The land in question belonged to Lewis Fore, senior, against whom judgments, in 1841, were obtained before a single Justice, in the name of J. T. Poor, and were levied on the premises in dispute, and, in 1842, an order of condemnation was obtained in the County Court, to which the levy had been re-u rned. A
 
 venditioni
 
 exponas, duly issued, under which the land was sold, in 1842, and one Davis became the purchaser, and procured a deed of conveyance from the sheriff, and, in March 1848, leased the land to the defendant Lewis Fore, jr., who continued his tenant ’till 1846, when he purchased the land from Davis. Lewis Fore, senior, was living on the land at the time the judgment T^as obtained against him, under which the plaintiff claims the land, and continued to live with the defendant, and was so living with him when the lessor of the plaintiff acquired the title under which he claims, which title is as follows: The sale of the land under the
 
 venditioni exponas
 
 did not entirely discharge the amount of the judgment, but left a small amount due; to raise this amount, a
 
 fieri facias
 
 was issued from the County Court, which was levied on the same land, and under a
 
 venditioni exponas
 
 it was again sold, and the lessor of the plaintiff, became the purchaser, The
 
 fieri facias
 
 issued in April 1843, and the sale under the
 
 venditioni
 
 was made in October of that year. The notice issued against Lewis Fore, Senior, the father, and the son, Lewis Fore, junior, claiming to be the landlord, was permitted to come in and defend the suit. On the trial below, the plaintiff objected to all evidence to show that the title of the land was not in him, the lessor of the plaintiff. The objection was rightly overruled by the Court, and shows clearly that the doctrine, of estoppel does not apply to the case. The general rule certainly is, that a purchaser at a sheriff’s sale, is entitled to recover the premises in ejectment against the debtor, whose estate he has purchased, upon showing a judgment, execution sale, and a sheriff’s deed.
 

 
 *490
 
 Considering, then, that the defendant, Lewis Fore, jr., is confined in his defence to that which Lewis Fore, sr., could allege, let us see whether, in this case, he would not have been permitted to show that the lessor of the plaintiff had no title at the time the action was brought. A purchaser, at a Sheriff’s sale, to show a good title, must exhibit a valid execution, authorising the sale. If he does not, his case does not come within the principle before stated, that- a debtor, whose land had been sold under an execution, cannot contest, the right of the purchaser to possession. This case was in this Court heretofore, and the question decided, 10 Ire. Rep. 38. The Court there say that the lessor of the plaintiff was not within the rule, because, the execution under which he purchased was not a valid one. The land had been previously sold under a valid execution issued upon the same levy. The act of 1836, Rev. Stat. ch. 45, sec. 9, provides, “ that if, by the sale of the land so levied upon, and returned to to Court, a sufficient sum shall not be produced to satisfy the judgment and costs, the plaintiff is hereby authorized to to issue an execution from the Court, for the residue thereof, in the same way and under the same rules and regulations, as if the judgment had been originally rendered by the Court.” The
 
 ft. fa.
 
 then, -under which the plaintiff claims, (as all other-
 
 ft. fas.)
 
 issues against the goods and chattels, lands and tenements of the defendant, and authorizes the Sheriff to collect only the balance remaing due upon the judgment, after the sale of the land. But in this case, it issues for the whole judgment, and was levied upon the very same land which had been levied upon under the magistrate’s judgment. This surely could not have been the intention of the Legislature. The land in question did not at the time of the levy of the
 
 ft. fa.,
 
 belong to Lewis Fore, sr., he was living with his son, Lewis Fore, jr., upontheland and the latter was the tenant of Davis, who had purchased under the first
 
 ven-ditioni exponas.
 
 In law, the possession was in Lewis Fore, jr., and the father would not have been estopped to deny the title of the plaintiff by shwing the- defect- in it; namely that the
 
 venditioni exponas
 
 is not a valid one. The same -principle is recognized in the ease of Murrill v. Roberts, 11 Ired. 424.
 

 
 *491
 
 The
 
 fieri facias,
 
 under which the plaintiff claims the land in question issued from April, 1858, of the County Court; in .March preceding, the sheriff had completed his 'sale to-Davis by a conveyance, who had been let into possession, and whose, the defendant’s tenant, Lewis Fore, junior, was in possession at the time the
 
 fieri facias
 
 was issued, and, at the time the
 
 venditioni exponas
 
 issued, and the sale took place, and Lewis Fore, senior, would not have been estopped to show that the lessor of the plaintiff had no title. There is no error.
 

 Judgment affirmed.